STATE EX REL. MICHAEL J. DUANE *vs.* PATRICK FAGAN AND
OTHERS.

The statute with regard to schools (Gen. Statutes of 1875, tit. 11, ch. 5, sec. 16) provides that the committees of school districts shall be elected by ballot, and a general statute regulating the meetings of communities and corporations provides that all questions in such meetings shall be decided by a major vote of the qualified members present. Held that a majority of the ballots cast for a committee-man in a school district was necessary to his election, and that the number of ballots would be taken to indicate the number of lawful voters present.

Where a person, having received but 46 out of 97 ballots cast, was declared elected by the chairman of the meeting, and on objection being made, the decision of the chair was sustained by the meeting with but few dissenting voices, it was held that this did not make it a valid election.

By statute on a failure to elect a new committee-man the old one holds over. At an adjourned meeting it was voted to correct the record of the first meeting, which stated an election, so as to make it show that there was no election, and to proceed to elect by ballot to fill the vacancy. Such an election was had

State *ex rel.* Duane *v.* Fagan.

.and a person received a majority of the ballots cast.   Held to be a valid election, and that when it was made the former incumbent ceased to hold over.

Our institutions rest upon the principle that controlling power is vested in the majority; and in the absence of any provision of law to the contrary, the will of any corporation or other community is properly declared only by the voice of the majority.

INFORMATION in the nature of a quo warranto; brought to the Superior Court in Fairfield County.   The answer of the respondent was demurred to, and the case reserved upon the pleadings for the advice of this court.   The case is sufficiently stated in the opinion.

*Thompson*, in support of the demurrer.

*Olmstead* and *Bullock*, contra.

FOSTER, J.   The answer of the respondent to this information being demurred to, the principal question involved is the sufficiency of that answer.

The respondent rests his claim to the office in controversy, that of school district committee, on two grounds :

1.  An election to the same by the voters of the district, duly assembled in district meeting on the 10th day of August, 1874.
2.  If that election was invalid for any cause, the respondent, having been the incumbent of the office the year before, is entitled to hold over, under the law, till the vacancy is filled, which he insists has not yet been done.   The record discloses the following facts, from which the respondent claims an election at the annual meeting of the district on the 10th of August, 1874 :

The whole number of ballots cast, to elect a second member of the committee, was ninety-seven.   Of these, the respondent had forty-six, M. J. Duane thirty-four, E. N. Goodwin fourteen, and Richard Sewell three.   The chairman of the meeting declared the respondent elected.   The decision of the chair was doubted, as the respondent had not received a major vote.   It was then moved and seconded that the decision of the chair be sustained, and this was carried with

but few dissenting voices. Was this a valid election? The law requires this officer to be chosen by ballot at the annual meeting. Rev. Stat. of 1866, p. 340, § 82; Rev. Stat. of 1875, p. 136, § 16. This statute is silent as to whether a majority is necessary to elect, or whether a plurality is sufficient. The statute regulating the meetings of communities and corporations, among which school districts are classed, has the following provision: " All questions in such meetings shall be decided by a major vote of the qualified members present," &c. Rev. Stat. of 1866, p. 139, § 237; Rev. Stat. of 1875, p. 84, § 7. We think it clear, therefore, that a majority vote of the qualified members of the district who were present, their presence being indicated by their ballots, was necessary to make a choice of a committee-man. The respondent, not receiving such majority, was not duly elected. The declaration of the chairman of the meeting, pronouncing him elected, was of no avail in face of the figures which showed the contrary. Nor did the assent of the meeting, if they did assent, (we shall presently see that ultimately they did not,) nor did any *vivâ-voce* vote of the meeting, confirming the chairman's decision, make the election valid. The law required a vote of the majority, given by ballot. Such majority was not so obtained, and so the respondent was not elected.

2. The second ground on which the respondent claims title to the office is, that he holds over from the former year till another is chosen and appointed. So is the statute. Rev. Stat. of 1866, p. 340, § 82. And this at once brings up the question as to the relator's election, claimed by him to be legal, and by the respondent to be void.

The annual meeting of the district was held, as we have already seen, on the 10th of August, 1874. The first and third members of the district committee were duly chosen by ballot, by a major vote. The proceedings as to the election of the respondent, as the second member of the district committee, have been stated above. Other business was transacted, and the meeting was adjourned to the 20th of the same month. On the 20th of August the district was again convened. The minutes

State *ex rel.* Duane *v.* Fagan.

of the meeting held on the 10th were read. On motion, the minutes were corrected so as to read: " The district went into an election of second committee-man, and failed to elect him." The minutes as thus corrected were then approved. On motion, it was then voted to proceed to the election of a second committee-man. A formal ballot was taken with the following result: Whole number of votes cast sixty-five, of which M. J. Duane received forty; Patrick Fagan twenty-five. M. J. Duane was declared elected. We see no cause for questioning the validity of this election. All the legal requisites were complied with. It was the annual meeting, continued by adjournment; the vote was by ballot, and a majority of all the votes cast was given to the relator. We think he was duly elected. This necessarily disposes of the respondent's claim to the office by virtue of his right to hold over. That must have terminated on the 20th of August last, when this election took place.

Viewing the questions raised in this case to be determined, as we do, entirely by statute, it is quite unnecessary to consider what the rule of the common law may be as to the effect of a plurality vote, or the necessity for a majority vote to make a valid election. Our government and our institutions rest on the principle that controlling power is vested in the majority. In the absence of any provision by law to the contrary, the will of any community or association, body politic or corporate, is properly declared only by the voice of the majority.

We think the demurrer in this case is well taken, and that the answer is insufficient.

We advise the Superior Court to render judgment of ouster against the respondent.

In this opinion the other judges concurred.