RACHEL A. ECKMAN v. THE TOWNSHIP OF BRADY.

*Poor persons—Support of by townships—Law raises implied prom-*
*ise to furnish—Liability to third person furnishing—Notice.*

1. The law raises an implied promise on the part of a township chargeable with the support of a pauper, to furnish such support.

2. A township is liable for necessaries furnished a poor person, with whose support the township is chargeable, after due notice to the supervisor that such person is a township charge, and his refusal or neglect to furnish such support.

3. The commencement of a suit against a township, by a person who is receiving a certain sum per month for the support of a pauper, to recover a greater sum, is notice that the amount so received is deemed insufficient.

4. Nowhere in the statutes relating to the support of the poor by *townships* is the amount to be expended for any *one* person limited, or is it at all placed in the discretion of the supervisor, or any other township officer, to determine who is a poor person, or the amount to be expended in his behalf.

Error to Saginaw. (Edget, J.) Argued May 7, 1890. Decided May 16, 1890.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Byron A. Snow,* for appellant, contended:

1. Cases sustaining defendant's claim that no implied contract arises, are as follows:

   *a*—A town cannot be held liable for board or lodging furnished to a pauper unless at the request of the supervisor; citing *McCaffrey v. Town of Shields,* 54 Wis. 645.

   *b*—In *Newaygo County v. Nelson,* 75 Mich. 162, the Court say that "It would be most unjust to give plaintiff a judgment against the defendant for prospective support." At the time the plaintiff in this case asked for more than $20 per year, she did so to protect herself from prospective needs, and now sues for it.

c—In *Barber v. Saginaw*, 34 Mich. 52, the Court say in substance, that there is no power given supervisors to expend but limited amounts for the support of the poor, and such officers must judge when such exigencies arise, and to what extent.

d—Other cases involving the principle are *Commissioners of Highways v. Martin*, 4 Mich. 564; *Hewitt v. Supt. of Poor*, 5 Id. 166; *Town of Leoni v. Taylor*, 20 Id. 148; *Osborne v. Supt. of Poor*, 26 Id. 66; *Putnam v. Grand Rapids*, 58 Id. 416.

*F. E. Bowers* (*F. L. Eaton,* of counsel), contended for the doctrine stated in the opinion.

Morse, J.   The plaintiff brought suit against the defendant township, averring in her declaration that the distinction between township and county poor is not abolished in the county of Saginaw, of which county said township forms a part.   That Annie Decker was an unmarried woman, more than 30 years of age, having a residence and settlement in said township, and was a pauper unable to support or maintain herself, and having no property, money, or means of support, and that she was entitled to support from the township as one of the town poor.   That the said township was indebted to plaintiff in the sum of $1,000 for meat, drink, washing, lodging, clothing, care, attendance, nursing, and other necessaries furnished and rendered the said Annie Decker at the special instance and request of the said defendant, and that the same were absolute necessaries.

That before furnishing said support and relief, and at divers times previous to the commencement of suit, the plaintiff duly notified the supervisors that the said Annie Decker—

"Was a poor person, and sick, lame, and decrepit, of feeble intellect, and otherwise disabled, and unable to support or maintain herself; and that the said Annie Decker had no money, property, or means of support."

And that plaintiff requested the supervisor of the said

township to take charge of and support her at the cost and expense of said township, which such supervisor refused and neglected to do. The declaration then recites the usual allegation of indebtedness, promise, and request to pay, and neglect and refusal, in actions of *assumpsit*.

Upon the trial it was practically admitted that Annie Decker was a poor person under the statute, and that it was the duty of the township to support her. She was removed to the poor-house on December 10, 1887, the supervisor claiming that the first notice he received from plaintiff that she must be made a township charge was December 7, 1887. Plaintiff claimed $5 per week from August 6, 1887, to December 10, 1887. She recovered judgment for $98.33.

It seems that Annie Decker had been a poor person for some years, and that the supervisors of the township, supposing they were limited to that amount, had only furnished $20 per year for her support. During all the time that this aid was given she was an inmate of plaintiff's family. Plaintiff claimed that she always protested that the amount furnished was entirely inadequate to supply the needs of Annie, and at one time, in 1886, she appealed to the township board, but without success. About August 6, 1887, she commenced legal proceedings against the township, but her suit was dismissed on the ground that she had acquiesced in the action of the supervisors. During the time involved in this present suit she received nothing.

The first objection raised against the judgment is that plaintiff could not recover upon an implied promise, and it must be admitted that the record shows no express promise. It is contended by defendant that private persons cannot dictate to the public or determine when their relatives shall be supported at the public expense; that the necessity of giving public aid is to be determined by

the officers who are charged by the law with such duty. In this case, however, it was admitted that Annie Decker was a poor person, and that it was the duty of the township to wholly support her, and that the plaintiff was under no legal obligation to maintain her. In such case, it being the duty of the township to support Annie Decker, the law raises an implied promise on its part to do so. It was not the duty of the plaintiff to turn her sister out of doors, or refuse her the necessities of life; and if the supervisor, the proper agent of the township, was duly notified that she was a township charge, and that plaintiff was unable to support her, and such officer refused or neglected to maintain her, it is clear to my mind that the plaintiff could recover for necessaries furnished her, and necessary care and attention rendered her.

The statute provides that she "shall be supported at the expense of the township." How. Stat. §§ 1786–1789. Nowhere in the statutes relating to the support of the poor by townships is the amount to be expended for any *one* person limited, or is it at all placed in the discretion of the supervisor, or any other township officer, to determine who is a poor person, or the amount to be expended on behalf of such poor person. Provision is made for the raising of money at the annual township meeting for the support of the poor, the amount to be determined by the electors. How. Stat. § 1801. The court properly instructed the jury that this case was of such a character that the township of Brady was answerable for the support of the pauper, and not the county, and that the condition of Annie Decker was such as to require a continuous support, and not mere temporary relief; and that support should have been given sufficient to have provided her a proper and comfortable subsistence, and further aptly said:

" The public authorities owe a duty to the pauper, or to the poor person within its boundaries, that is plain and undisguised. It is not the policy of the law, and it would be contrary to the humanity of the times, to permit any poor person to actually suffer in a township where there was plenty and wealth; and so it is that the law is express and explicit, that the support shall be adequate and sufficient to meet the needs of the person who is a charge upon the township."

The only vital question in this case, under the proofs, was whether the plaintiff had notified the supervisor that she could not and would not support her sister for $20 a year. The court did not err in his charge in this respect. He instructed the jury that the supervisor or township board must have notice that the person in whose behalf aid is required is actually in need of the aid, and until such notice was given there could be no recovery for necessaries furnished; and that, if they found in this case that no distinct notice was given to these officers that a larger amount was asked or required than had been before that time paid, the plaintiff could not recover, because it was not permissible that she should lead these officers to believe that they were paying an adequate sum, and then, without further notice, hold the township liable for a sum greater than she had been accustomed to receive.

It is assigned as error that the defendant was not permitted to recall the supervisor before defendant had rested its case, to show that in the spring of 1887 plaintiff told him that she did not want any further help from the township at all, except the $20. While this testimony was admissible, because the court had allowed the parties to go back some years to show the history of the case, no harmful error was committed. It was admitted that August 6, 1887, she did require more aid, and brought suit to enforce her claim therefor. This was certainly notice that the $20 was not sufficient, and her

claim in this suit was for maintenance thereafter and not before; and the supervisor testified that $20 per year was altogether inadequate for her support.

The judgment is affirmed, with costs.

The other Justices concurred.