## TOWNSHIP OF LA GRANGE *v.* SUPERINTENDENTS OF POOR OF CASS COUNTY.

1. SUPPORT OF POOR — ADOPTION OF TOWNSHIP SYSTEM — BOARDS OF SUPERVISORS.

A board of supervisors which has, by a two-thirds vote, adopted the distinction between township and county poor, as authorized by 1 How. Stat. §§ 483 (subd. 11), 484, has no authority, without the rescission of the resolution by a two-thirds vote, to direct the expenditure of county funds in the support of poor who have gained a settlement in any township or city.

2. SAME—STATUTES—CONSTRUCTION.

Such persons, under 1 How. Stat. § 1786, and the amendatory act of 1883 ( 3 How. Stat. § 1789 ); must be supported at the expense of the township or city where such settlements are had; and the provisions of 1 How. Stat. §§ 1762, 1793, 1794, for a removal to the county poor-house of persons found to be in indigent circumstances, and for a determination by the county superintendents as to their legal settlement, must be construed in connection with those statutes.

Appeal from Cass; Coolidge, J.  Submitted October 14, 1897.  Decided December 7, 1897.

Bill by the township of La Grange to restrain the superintendents of the poor of Cass county from expending county funds for the support of poor persons having settlements in particular townships.  From a decree dismissing the bill on demurrer, complainant appeals.  Reversed.

*Harsen D. Smith*, for complainant.

*M. L. Howell*, for defendants.

LONG, C. J.  This bill was filed to restrain the superintendents of the poor of Cass county from paying out money belonging to the county for the support of certain

poor persons having settlements in particular townships in the county; the board of supervisors having previously adopted the township system of supporting the poor of the county.   The bill was demurred to, and the demurrer sustained.   Complainant appeals.

It appears by the bill that the board of supervisors, by a two-thirds vote, passed a resolution which provided that "the distinction between township and county poor be, and is hereby, adopted, to take effect October 17, 1896."   This action was authorized by 1 How. Stat. § 483, subd. 11, when the power is exercised by a vote of two-thirds of all the members elect.   Id. § 484.   It further appears by the bill that, after thus adopting the township system, the board, by less than two-thirds of all the members elect, passed another resolution, providing, in effect, that certain poor persons residing in several of the townships, including La Grange, and having settlements in such townships, should be supported by the county, instead of the several townships in which they had settlements; after which the board, by resolution, excepted from the operation of the last resolution all persons having settlements in La Grange township.   The superintendents of the poor proceeded to support said poor persons having settlements in the said several townships from the county poor fund, and paid out something over $800 for such purposes.

It is contended that this last resolution was an attempt to again change the system from the township to the county system, and that this change could not be made except by a two-thirds vote of all the members elect of the board.   Section 1786, 1 How. Stat., provides that—

"In those counties in which the distinction between township and county poor shall not be abolished by the board of supervisors, the poor having a settlement in any township in such counties shall be supported at the expense of such township, and the poor not having such settlement shall be supported by the county in which they may be."

By amendatory Act No. 110, Pub. Acts 1883, it is provided in section 35 (3 How. Stat. § 1789) that—

"No person shall be removed as a pauper from any city or township to any other city or township of the same or any other county,   *   *   *   but every poor person shall be supported in the township, city, or county where he may be, as follows: *First*, if he has gained a settlement in any township or city in such county, he shall be maintained by such township or city; *second*, if he has not gained a settlement in the county in which he shall become poor, sick, or infirm, he shall be supported by the superintendents of the poor at the expense of the county; *third*, if such person be in a county where the distinction between township and county poor is abolished, he shall in like manner be supported at the expense of the county," etc.

Under the resolution adopted by the board of supervisors October 17, 1896, the township system was adopted by the requisite two-thirds vote. That system being adopted, the superintendents of the poor had no authority to expend the funds of the county in the support of the poor who had gained a settlement in any township or city. Those persons, by section 1786, 1 How. Stat., as well as by the act of 1883, are to be supported at the expense of the townships where such settlements are had. *Eckman* v. *Township of Brady*, 81 Mich. 70.

But it is contended by counsel for defendants that the persons named as county charges, and recognized by the board of supervisors and the superintendents of the poor as county charges, were just as much county charges as those actually in the county poor-house; and that the allegation in the bill that such persons have a settlement in one or the other of the townships has no force, because the same may be said of those actually in the county-house. Counsel claims that inasmuch as, under the provisions of section 1762, 1 How. Stat., persons applying for relief to the superintendents of the poor or the supervisor may be removed to the poor-house if found to be in indigent circumstances, or, if so sick, lame, or disabled

that they cannot conveniently be removed, may be aided at their place of residence, the superintendents of the poor have authority to provide for the persons specified in the bill.    It is also contended that under the provisions of sections 1793 and 1794, 1 How. Stat., the decision of the superintendents of the poor in relation to the settlement of paupers is conclusive.    We cannot agree with these contentions.    The several provisions of the statute must be read together.    It is apparent from these statutes that it was the intent of the legislature that, when the distinction between the township and county poor should be kept and maintained, any poor person who had gained a settlement in any township or city should be maintained by such township or city, and not by the county.    The last resolution of the board not having been passed by the requisite two-thirds vote, the distinction is kept up in Cass county; and, that being so, the superintendents of the poor had no authority to maintain, from the county funds, persons who had gained settlements in any township or city.

The court below was in error in sustaining the demurrer. That order will be reversed, and the defendants given 15 days to answer the bill.    Complainant will recover the costs of this court.

The other Justices concurred.