HOWLAND v. PRENTICE.

1. COUNTIES—BOARD OF SUPERVISORS—ELECTION OF SCHOOL EX-
AMINER—VOTES REQUIRED.
    The appointment by a board of supervisors of a member of the
    board of school examiners, under Act No. 43, Pub. Acts 1901,
    is the transaction of ordinary business, as to which a majority
    of a quorum is sufficient, and the appointee is not required to
    have cast for him the votes of a majority of all the members
    elect.   Section 2476, 1 Comp. Laws.

2. EVIDENCE—RECORDS—PAROL EVIDENCE TO VARY.
    On quo warranto to try title to the office of member of the
    board of school examiners, where the record of the board of
    supervisors does not show the number of members present
    when the appointment was made, except as the votes taken
    show it, parol evidence is not admissible to show that mem-
    bers were present who did not vote.

Error to Van Buren; Carr, J.    Submitted January 31,
1906.   (Docket No. 76.)   Decided March 13, 1906.

Quo warranto proceedings by Richard S. Howland
against A. D. Prentice to try the title to the office of
school examiner of Van Buren county.   There was judg-
ment of ouster, and respondent brings error.   Affirmed.

This is a quo warranto proceeding to test the title to the
office of member of the board of school examiners for the
county of Van Buren.   The legislature, by Act No. 43, Pub.
Acts 1901, empowered the several boards of supervisors
of the different counties of the State to "elect" a county
commissioner of schools, and to "appoint" school exam-
iners.   The statute (1 Comp. Laws, § 2476) provides:

"A majority of the supervisors of any county shall
constitute a quorum for the transaction of the ordinary
business of the county, and all questions which shall arise
at their meetings shall be determined by the votes of a

majority of the supervisors present, except upon the final passage or adoption of any measure or resolution, or the allowance of any claim against the county, in which case a majority of all the members elect shall be necessary."

Relator and respondent were the two candidates for the appointment as school examiner. The board consisted of 21 members. On the ninth ballot relator received 10 votes, respondent 9. The chairman decided that relator was not appointed, and ordered another ballot. On the eleventh ballot respondent received 11 votes and was declared elected. The record of the proceedings of the board does not show the number of supervisors present when the different ballots were taken, except as the votes taken show it. Relator claims that he was elected on the ninth ballot by a majority of the quorum. Respondent claims (1) that it required a majority of the supervisors elected to appoint; (2) that he was entitled to show by parol evidence that other members were present when the ninth ballot was taken, but did not vote. The court below sustained the claim of relator.

*Wicksall & Cogshall* (*Anderson & Warner*, of counsel), for appellant.

*Thomas J. Cavanaugh*, for appellee.

GRANT, J. (*after stating the facts*). 1. In the absence of statutory requirement a plurality of the votes cast or the majority of a quorum is sufficient, and no declaration of the election by the chairman is essential. *Conrad v. Stone*, 78 Mich. 635. Does the appointment of a school examiner, under Act No. 43, Pub. Acts 1901, come within the exception to section 2476, 1 Comp. Laws, or is it the transaction of the ordinary business of the board? Act No. 43, Pub. Acts 1901, makes it a regular and ordinary duty of the board of supervisors to appoint these commissioners. We think it does not come within the exception.

2. Was the respondent entitled to contradict the record by showing that supervisors were present who did not vote ? It was said in *State, ex rel. Duane,* v. *Fagan,* 42 Conn. 32, that the number of ballots cast would be taken to indicate the number of lawful voters present. It is not the duty of the clerk to ascertain whether the supervisors not responding to their names, or to a standing vote, or to a vote by hand raising, or to a viva voce vote, or a ballot, are present in the room. The presumption is that they are absent, and that if present they would perform their duty in voting. The validity of measures adopted and the appointment of persons to office cannot be permitted to rest in parol. Any one desiring to raise the question whether those not voting are present should have it appear upon the record. The same principle which applies to the journals of legislative proceedings (*Sackrider* v. *Board of Sup'rs of Saginaw Co.,* 79 Mich. 59; *Attorney General* v. *Rice,* 64 Mich. 385) applies also to the proceedings of the boards of supervisors. There are cases where facts omitted from the record, which it was the duty of the clerk to record, may be supplied by parol. *Township of Taymouth* v. *Koehler,* 35 Mich. 22; *School Dist. No. 2 of Buckeye Township* v. *Clark,* 90 Mich. 435. This, however, does not come within those cases.

It follows that the judgment must be affirmed.

McALVAY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.