GALE *v.* BOARD OF SUPERVISORS OF OAKLAND COUNTY.

1. PAUPERS—SUPPORT OF POOR—DISTINCTION BETWEEN TOWNSHIP, CITY, AND COUNTY POOR—STATUTES.

Board of supervisors has power to restore or abolish distinction between township, city, and county poor at any annual meeting by two-thirds vote (1 Comp. Laws 1929, § 1130, 2 Comp. Laws 1929, § 8268).

2. SAME—WISDOM OF STATUTE LEGISLATIVE QUESTION.

Practical wisdom of act empowering board of supervisors to restore or abolish distinction between township, city, and county poor, with possible disastrous results therefrom, *held*, legislative and not judicial question.

3. SAME—COUNTIES—STATUTES—POSTPONEMENT OF EFFECTIVE DATE.

Resolution of board of supervisors adopted in October, 1931, re-establishing distinction between township, city, and county poor, and providing that it should not take effect until January 1, 1933, in no way limited or restricted incoming board from rescinding said resolution by proper vote (1 Comp. Laws 1929, § 1130, 2 Comp. Laws 1929, § 8268).

4. SAME.

There was no impropriety in, or legal objection to, provision in resolution of board of supervisors re-establishing distinction between township, city, and county poor, adopted in October, 1931, that it should not take effect until January 1, 1933.

5. SAME—SUPPORT OF POOR—COUNTIES.

When change re-establishing distinction between township, city, and county poor becomes effective, county funds may not be used to support those who have gained settlement in any township or city.

6. STATUTES—HANDS OF SUCCEEDING LEGISLATURE NOT TIED.

Legislative acts, as distinguished from contracts, do not tie hands of succeeding legislatures.

7. SAME—PAUPERS—COUNTIES—SUPPORT OF POOR—RE-ESTABLISHING
   DISTINCTION BETWEEN TOWNSHIP, CITY, AND COUNTY POOR—RESOLU-
   TION—ORDINANCE.
   Action of board of supervisors re-establishing distinction be-
   tween township, city, and county poor is not void because
   accomplished by resolution rather than ordinance, in absence
   of statutory requirement that it must be done by ordinance
   (1 Comp. Laws 1929, § 1130; 2 Comp. Laws 1929, § 8268).

Certified question from Oakland; Gillespie (Glenn
C.), J. Submitted November 12, 1932. (Calendar
No. 36,943.) Decided November 21, 1932.

Bill by Alfred Gale and others, taxpayers and
supervisors of certain cities and townships, against
Board of Supervisors of Oakland county to declare
void a resolution re-establishing distinction between
township, city, and county poor. Question as to
validity of resolution certified to this Court. Reso-
lution held valid.

*Earl D. Nash, William A. Ewart,* and *James H.
Lynch,* for plaintiffs.

*George A. Cram,* for defendant.

BUTZEL, J. In the year 1920, the distinction be-
tween township, city, and county poor was abolished
in Oakland county by appropriate action of the
board of supervisors, and the county assumed the
exclusive support of the poor. However, on October
9, 1931, the board, by a two-thirds vote, adopted the
following resolution:

"Resolved:
"1. That the distinction between township, city,
and county poor is hereby adopted in the county of
Oakland under the provisions of Act No. 146, Pub.
Acts 1925, and amendments thereto, the same being

2 Compiled Laws 1929, §§ 8208–8282, to take effect January 1, 1933.

"2. That the resolution of April 22, 1920, adopting the so-called county system shall continue in force and effect only to and including December 31, 1932, whereupon the use of said county system shall cease and terminate."

It will be noted that, although the resolution was adopted on October 9, 1931, this change in the method of poor support does not go into effect until January 1, 1933. The law expressly empowers the board of supervisors to restore or abolish the distinction between township, city, and county poor at any annual meeting by a two-thirds vote. 1 Comp. Laws 1929, § 1130, and 2 Comp. Laws 1929, § 8268. The personnel of the board of supervisors of Oakland county was changed at the spring election in 1932, and the incoming board, composed of many new members and a different chairman, was organized on April 12, 1932. An effort was made to rescind the action of the former board, as hereinbefore set forth, but the resolution offered for the purpose lacked two votes of the two-thirds majority necessary for its adoption.

Plaintiffs, as taxpayers and supervisors, filed the bill in the instant suit against the board of supervisors, as defendant, and asked for a declaratory judgment finding the action of October 9, 1931, null and void. The controlling question in the case is whether a resolution passed by a former board of supervisors on October 9, 1931, to restore the distinction between township, city, and county poor in the county on and after December 31, 1932, is valid and operates to change the present method of caring for the poor of the county after that date, in the absence of inconsistent action taken by the new

board. The trial judge has certified the question to us on account of its importance and the necessity for an immediate decision.

Many cogent and appealing practical reasons are advanced for the retention of the present system, which abolishes the distinction between township, city, and county poor. It is also claimed that the entire statute is archaic and wholly inadequate for modern conditions. It is not within our province to discuss the practical wisdom of the act or the possible disastrous results that may follow defendant's action thereunder. These questions are wholly legislative and outside of our province. We shall only consider the legal questions raised.

The resolution of the board on October 9, 1931, in no way limited or restrained the present board from adopting another resolution rescinding the former one and retaining the present system. Neither was there any impropriety in, or legal objection to, providing in the resolution of October 9, 1931, that the change should not become effective until January 1, 1933. Frequently it becomes necessary that some time intervene after the passage of a new law before it becomes effective. Aside from the time that it may take to publish and acquaint the public with the new law, it very frequently becomes necessary to take steps preparatory to carrying out its provisions. This is particularly true in regard to a change in the method of raising money by taxation. In the instant case, in order that the city and township may assume their new responsibility, funds must be obtained. The supervisors of the respective townships must, after proper action by the township clerk, make an estimate of the sum necessary both to supply the deficiency in the poor fund for the preceding year and to provide for the support of the

poor for the ensuing year. Thereupon, the inhabitants of the township, by a vote of a majority of the persons qualified to choose township officers, must determine the sums of money which shall be assessed upon the township in the ensuing year for the purposes aforesaid, and the sum so voted, when raised and collected, must be paid into the township treasury, where it is to be subject to the order of the township board. 2 Comp. Laws 1929, § 8264. Likewise, somewhat similar action is necessary in cities where the amount is determined by the legislative body of the city, and the money raised by a general tax upon all city property or by a loan to be repaid by such tax. 2 Comp. Laws 1929, § 8265.

It is obvious that considerable time is consumed by townships and cities in making provision for the assessment and collection of these funds. It was not only proper but necessary to postpone the date on which the changes named in the resolution of October 9, 1931, became effective. When the change once becomes effective, the county funds cannot be used to support those who have gained a settlement in any township or city. *Township of La Grange* v. *Supts. of Poor,* 115 Mich. 181. Aside from the constitutional provision that, unless a law is given immediate effect, it shall not take effect or be in force until the expiration of 90 days from the end of the session at which the law was passed, frequently laws are made effective long after the 90 days provided for by the Constitution. Legislation is prospective. It may frequently happen that the legislative body changes its personnel before an act passed by a previous legislature has become effective.

It seems that the validity of such legislation has been heretofore taken for granted, and for that reason seldom ruled upon by a higher court. Such laws

so enacted seem to have been uniformly upheld, though we have not found any cases in which the issue was presented so squarely as in the instant case. See *Osborn* v. *Charlevoix Circuit Judge,* 114 Mich. 655; *State, ex rel. Brunjes,* v. *Bockelman* (Mo.), 240 S. W. 209; *State, ex rel. Gaston,* v. *Black,* 199 Ala. 321 (74 South. 387); *Leatherock* v. *Lawter,* 45 Okla. 715 (147 Pac. 324); see, also, *State, ex rel. Anderson,* v. *City of Camden,* 58 N. J. Law, 515 (33 Atl. 846); *City of Biddeford* v. *Yates,* 104 Me. 506 (72 Atl. 335, 15 Ann. Cas. 1091). An examination of constitutional provisions and statutes in those jurisdictions indicates that the legislation became effective after a new legislature had assumed office.

Legislative acts, as distinguished from contracts, do not tie the hands of succeeding legislatures. *Cooper, Wells & Co.* v. *City of St. Joseph,* 232 Mich. 255. As was said in *Re Seeley,* 114 Misc. Rep. 633 (187 N. Y. Supp. 130):

"An act passed by the board of supervisors pursuant to authority delegated or conferred by the legislature has the same force as a statute passed by the legislature itself."

The supervisors were given the power by legislative act to determine who was to bear the burden of caring for the poor. 1 Comp. Laws 1929, § 1130, and 2 Comp. Laws 1929, § 8268.

Nor is there any merit to the claim that the board cannot do by resolution what they might do by ordinance. Unless the legislature specifies that a certain act must be done by ordinance or in some other specified manner, it is just as valid when accomplished by resolution as by ordinance. *Atchison Board of Education* v. *De Kay,* 148 U. S. 591 (13 Sup. Ct. 706).

The answer to the certified question is that the resolution of October 9, 1931, is valid and becomes effective on January 1, 1933, unless rescinded prior to that time by a vote of two-thirds of the supervisors.

CLARK, C. J., and MCDONALD, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred. POTTER, J., did not sit.