MATTHEWS *v.* MONTGOMERY.

1. HIGHWAYS AND STREETS—SELECTION OF COUNTY ROAD COMMIS-
   SIONERS.

    Method of selection of county road commissioners in any county
   containing 12 or more surveyed townships *held*, subject to
   change by board of supervisors from time to time after adop-
   tion of county road system (Const. 1908, art. 8, § 26; 1 Comp.
   Laws 1929, § 3981).

2. CONSTITUTIONAL LAW—COUNTY ROAD COMMISSIONERS.

    Legislature *held*, to have power to delegate to county board of
   supervisors option of appointing' road commissioners where
   county road system has been adopted (Const. 1908, art. 8, § 26;
   1 Comp. Laws 1929, § 3981).

3. STATUTES—CLASSIFICATION—LOCAL ACTS—COUNTY ROAD COMMIS-
   SIONERS.

    Statute delegating to board of supervisors of counties, containing
   12 or more surveyed townships, the power to appoint county
   road commissioners *held*, not a local act requiring a referendum
   where it is not shown any county in the State has less than
   12 surveyed townships and number of townships affords a
   basis of classification for legislation pertaining to highways
   (Const. 1908, art. 5, § 30, art. 8, § 26; 1 Comp. Laws 1929,
   § 3981).

4. COUNTIES—BOARD OF SUPERVISORS—POWERS—RESOLUTIONS—ORDI-
   NANCES—STATUTES.

    Exercise of power to change method of selecting county road
   commissioners from election by popular vote to appointment
   by board of supervisors, delegated to the board by statute,
   may be by resolution of such board, statutory provisions for
   adoption and approval of ordinances and initiative and refer-
   endum thereon being in direct conflict with the grant of such
   power (Const. 1908, art. 8, § 26; 1 Comp. Laws 1929, §§ 1130,
   3981).

5. MANDAMUS—COUNTY ROAD COMMISSIONERS—SELECTION.

> Plaintiff seeking to compel Wayne county clerk to accept filing fee and certify his name as a candidate for nomination to the office of county road commissioner of that county at next primary election, *held*, not entitled to writ of mandamus after board of supervisors, pursuant to power delegated by statute, had changed method of selecting such officer to appointment by the board (1 Comp. Laws 1929, § 3981).

Mandamus by Charles A. Matthews against Henry A. Montgomery, Wayne county clerk, to compel acceptance of plaintiff's filing fee and certification of his name as a candidate for nomination to the office of county road commissioner. Submitted March 28, 1936. (Calendar No. 38,855.) Writ denied April 6, 1936.

*Kenneth C. Weber,* for plaintiff.

*Victor W. Klein,* for defendant.

*David H. Crowley,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, *amici curiæ.*

FEAD, J. Plaintiff prays writ of mandamus to compel the county clerk of Wayne county to accept his filing fee and certify his name as a candidate for nomination to the office of county road commissioner of Wayne county, at the next (September) primary election. The question is whether the office is to be filled by election or by appointment of the board of supervisors.

The county road system was adopted in Wayne county by a vote of the electors in 1906. To this time the commissioners have been elected. The term of one expires December 31, 1936. In October, 1935, the board of supervisors adopted a resolution that hereafter county road commissioners shall be

appointed by a majority of the board at its regular April meetings preceding the expiration of commissioners' terms.

The statute involved is 1 Comp. Laws 1929, § 3981, particularly the clauses:

"In any county where the county road system has been or shall hereafter be adopted, a board of county road commissioners consisting of three members shall be elected by the people of such county. In the first instance such commissioners shall be appointed by the board of supervisors or elected at a general or special election called for that purpose, as shall be ordered by the board of supervisors. * * * Provided, That the election of county road commissioners, as herein provided, shall not be mandatory in any county which contains twelve surveyed townships or more, either entire or fractional, as determined by the government survey thereof. In such county or counties the board of supervisors may, by a majority of its members-elect, appoint such county road commissioners."

The principal contention of plaintiff is that the full power of the board of supervisors to appoint commissioners must be declared and exercised "in the first instance" and that, once commissioners are elected, the board cannot change the method of their selection. Neither the history nor terms of the statute support the contention.

As evidenced by the frequent amendments, the county road system developed through experimentation. It was initiated in 1893, by the addition of article 4, § 49, to the Constitution of 1850, and the enactment of Act No. 149, Pub. Acts 1893, both of which required election of the commissioners. Section 49 was amended in 1899 to authorize the legislature to provide for election or appointment of county road commissioners. The later provision

was continued in art. 8, § 26, of the present Constitution.

Until 1909, no statute provided for general appointment of commissioners, except Act No. 146, Pub. Acts 1905, which set up an invalid provision for appointment in Wayne county. *Wayne County Road Com'rs* v. *Wayne County Board of Auditors,* 148 Mich. 255. But, by Act No. 82, Pub. Acts 1907, and while subsequent selection of commissioners was required to be by election, the provision for election or appointment "in the first instance" was adopted substantially in its present form.

Act No. 283, Pub. Acts 1909, revised and consolidated the highway laws, continued the general county road plan but with many changes in detail. It added the proviso for appointment of commissioners by the board of supervisors, originally applying it to counties containing over 30 surveyed townships. The number was reduced to 26 by Act No. 400, Pub. Acts 1913, to 20 by Act No. 181, Pub. Acts 1915, and to the present number of 12 by Act No. 356, Pub. Acts 1917.

The fact that the clause providing for appointment or election of commissioners "in the first instance" appeared in an act which required all subsequent selection to be by election is conclusive that it was meant to apply to a definite situation—the institution of the county road system in a county. The statute contains no language to indicate that this localized effect was changed by the provision added in 1909, conferring general power of appointment upon the board of supervisors. Moreover, the general power was granted to all designated counties, including those already under the system; and the statute contains no limitation as to the time

when counties under the system should determine to appoint. Plainly, the purpose and effect of the statute is to confer upon the board of supervisors the power to change the method of selection of commissioners from time to time as the board shall deem advisable.

Plaintiff further contends the legislature may not delegate to the board of supervisors the option of appointing road commissioners. But he offers no authority or reason to deny the delegation of such authority to the governing legislative and administrative board of the county. See 43 C. J. p. 603.

Plaintiff also claims the statute is a local law, requiring a referendum under the Constitution, 1908, art. 5, § 30. He has not alleged nor shown that any county in the State has less than 12 surveyed townships. Moreover, it is evident that the number of townships in the county affords a basis of classification for legislation pertaining to highways.

Section 1130, 1 Comp. Laws 1929, with its provisions for adoption and approval of ordinances and initiative and referendum thereon, is in distinct conflict with the power granted in section 3981 to boards of supervisors. A resolution declaring the purpose to appoint was sufficient, an ordinance not being necessary. *Gale* v. *Oakland County Board of Supervisors,* 260 Mich. 399.

Plaintiff has failed to show a clear legal right to the writ and it is denied, with costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.