EBRIGHT *v.* BUCK.

1. HIGHWAYS AND STREETS—COUNTY ROAD COMMISSION—SELECTION OF MEMBERS—BOARD OF SUPERVISORS.

The county board of supervisors is empowered to change the method of selection of members of the county road commission from time to time as the board deems advisable (CL 1948, § 224.6).

2. SAME—COUNTY ROAD COMMISSION—PRIMARY ELECTION—CONTRACT RIGHT TO OFFICE.

Nomination in a primary election as a candidate for the office of member of the county road commission does not give the candidate a contract right to such office (CL 1948, § 224.6).

3. SAME—COUNTY ROAD COMMISSION—APPOINTMENT.

After the board of supervisors changed the method of filling vacancies in the county road commission from popular election to appointment by the board, such office could be filled thereafter only by appointment by the board (CL 1948, § 224.6).

4. STATUTES—CONSTRUCTION—IN PARI MATERIA.

Statutes *in pari materia* covering the same subject matter must be given the effect intended by the legislature.

5. HIGHWAYS AND STREETS—COUNTY ROAD COMMISSION—APPOINTMENT—MAJORITY OF BOARD OF SUPERVISORS.

Where the board of supervisors has changed the method of selecting members of the county road commission to appointment by the board, the matter of such an appointment is the ordinary business of the board and requires only the action of a majority of those present (CL 1948, §§ 46.3, 224.8).

REFERENCES FOR POINTS IN HEADNOTES
[2] 18 Am Jur, Elections, § 157.
[4] 50 Am Jur, Statutes, § 358 *et seq.*
[6, 7] 44 Am Jur, Quo Warranto, §§ 106, 107.
[8] 14 Am Jur, Costs, §§ 23, 91.

6. QUO WARRANTO—TITLE TO OFFICE.
    Plaintiff in quo warranto proceedings to try title to office may
    only recover judgment by showing his own good title.

7. SAME—BURDEN OF PROOF—TITLE TO OFFICE.
    Plaintiff in quo warranto proceedings, whose election to office
    of county road commission took place after the board of
    supervisors had changed method of filling vacancies from
    popular election to appointment by the board, pursuant to
    statutory authority so to do, and appointed defendant there-
    to, did not sustain the burden of showing good title to office
    claimed, notwithstanding the action of the board was sub-
    sequent to plaintiff's nomination for the office at a primary
    election.

8. COSTS—PUBLIC QUESTION—QUO WARRANTO.
    No costs are allowed in private quo warranto proceedings to
    try title to office of member of county road commission, a
    public question being involved.

Appeal from Roscommon; Coash (Louis E.), J.,
presiding. Submitted October 4, 1949. (Docket No.
1, Calendar No. 44,312.) Decided December 7, 1949.

Information in nature of quo warranto by Ernest
L. Ebright to test right of Amos Buck to office of
Roscommon county road commissioner. Judgment
for defendant. Plaintiff appeals. Affirmed.

*Willard, Stamps & Shur* (*Edmund E. Torcellini,*
of counsel), for plaintiff.

*Yeo & Bilitzke,* for defendant.

BUSHNELL, J.   Plaintiff Ernest L. Ebright asserts
that on November 5, 1946, he was elected road com-
missioner of the county of Roscommon, and is law-
fully entitled to occupy that office.  He has appealed
from a judgment in quo warranto, which determined
that the lawful incumbent of that office is defendant
Amos Buck.

In 1915, Roscommon county adopted the county road system. For some years county road commissioners had been elected. The 6-year term of one of the commissioners terminated on December 31, 1946. In a primary election held on June 18, 1946, Ebright was nominated as a candidate for such office. Eight days later the county board of supervisors, with 10 of its 11 members present, unanimously adopted the following resolution:

"Whereas, at the present time the board of county road commissioners is elected by popular vote of the electorate within the county, and

"Whereas, the functions of said board are so far removed from the direct attention of the governing body of the board of supervisors for Roscommon county, and

"Whereas, this board is of the opinion that more efficient service of the county road commission can be rendered to the public by the appointment of the members to the county road commission,

"Now, therefore, be it resolved, That after this date, the vacancies occurring in the office of county road commissioners shall be filled by appointment on majority vote of the board of supervisors."

At a meeting held on October 23, 1946, at which 10 of the 11 members were present, the board rescinded its resolution of June 26, 1946 and adopted the following:

"Whereas, at the present time the board of county road commissioners is elected by popular vote of the electorate within the county, and

"Whereas, the functions of said board are so far removed from the direct attention of the governing body of the board of supervisors of Roscommon county, and

"Whereas, this board is of the opinion that more efficient service of the county road commission can

be rendered to the public by the appointment of the members of the county road commission.

"Now, therefore, be it resolved that after this date, and commencing with the term to start January 1, 1947, the office of the county road commissioner shall be filled by appointment on a majority vote of the board of supervisors as provided by CL 1929, § 3981,* amended."

The next day the board met pursuant to adjournment with 9 of its members present. By a majority vote of those present Buck was appointed to the office of county road commissioner for the term beginning January 1, 1947.

At the general election held on November 5, 1946, Ebright received the largest number of votes cast for this office. He was subsequently certified by the board of county canvassers as elected.

The applicable statute (CL 1948, § 224.6 [Stat Ann § 9.106]) was construed in *Matthews* v. *Montgomery,* 275 Mich 141, 145, as follows:

"Plainly, the purpose and effect of the statute is to confer upon the board of supervisors the power to change the method of selection of commissioners from time to time as the board shall deem advisable."

This power was exercised by both the June and October resolutions of the board and in conformity with the statutory requirements. The fact that Ebright was nominated in a primary election previous to the adoption of these resolutions gave him no "contract right" to the office. *Sprister* v. *City of Sturgis,* 242 Mich 68, 72. The effect of these resolutions was to abolish elections as a method of filling the office of road commissioner and substitute therefor the statutory alternative of appointment. Thereafter the office could be filled only by appointment by the board of supervisors. Relator Ebright was

---

* CL 1948, § 224.6 (Stat Ann § 9.106).—REPORTER.

not appointed and does not claim to have been appointed.

Ebright argues that defendant Buck's appointment was a nullity because Buck received only a majority vote of those supervisors present rather than the majority vote of the "members elect." The language of the statute construed in *Matthews* v. *Montgomery, supra,* must be read *in pari materia* with statutes covering the same subject matter and be given the effect intended by the legislature. Once the change in the method of selection of the county road commissioners is accomplished, the filling of those offices, like filling vacancies, is the ordinary business of the board of supervisors and requires only the action of a majority of those present. CL 1948, § 46.3 (Stat Ann § 5.323); CL 1948, § 224.8 (Stat Ann § 9.108); *Howland* v. *Prentice,* 143 Mich 347.

Furthermore, relator could only recover judgment in this private quo warranto action by showing his own good title. *Vrooman* v. *Michie,* 69 Mich 42, 45. Ebright did not sustain the burden of showing good title to the office he claims.

The judgment is affirmed. A public question being involved, no costs are allowed.

Sharpe, C. J., and Boyles, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.